**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOUSSA DIOMANDE,

Petitioner,

v. Case No. 05-73290

PHILIP WRONA, Interim District Director, Bureau of Immigration and Customs Enforcement,

Respondent.
______________________________/

Honorable Arthur J. Tarnow
United States District Judge

**ORDER GRANTING PETITIONER'S MOTION FOR HABEAS CORPUS**

## I. INTRODUCTION

Before the Court is Petitioner Moussa Diomande's petition for writ of *habeas corpus* [DE 1]. On November 23, 2005, the Court heard oral argument as to the instant petition. For the reasons that follow, the petition isGRANTED, and Respondent is ordered to release Petitioner on a $10,000 unsecured bond, with conditions.

## II. DISCUSSION

This order is being written primarily for the benefit of the parties, who presented their versions of the facts to the Court in their pleadings and at oral argument. In addition, the Court's decision does not turn on any particular factual conclusion, other than the undisputed length and circumstances concerning Petitioner's incarceration. The Court notes that the parties' versions of the facts are nearly identical in all material respects. Therefore, the Court will not set forth a lengthy factual summary in this order.

There is no dispute that the government may lawfully detain criminal aliens during the pendency of their removal proceedings. The question in this case is whether or not Petitioner's detention, which has now lasted 21 months, violates due process. Under the circumstances, the Court finds that Petitioner's detention does violate due process.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that continued detention of a convicted criminal alien for the limited period of removal proceedings does not violate substantive due process because in ordinary removal proceedings the alien will have their cases completed within a short period of time and will actually be deported, or will be released.

The question presented in this case is whether or not Petitioner is entitled to be released on bond where his detention pending removal proceedings has exceeded 21 months. The Sixth Circuit has observed that the Supreme Court's decision in *Demore* "specifically indicated that [detentions pending removal] were usually relatively brief, but it did not specifically hold that any particular length of time in a specific case would be unreasonable or unconstitutional." *Ly v. Hansen*, 351 F.3d 263, 270 (6th Cir. 2003).

In *Ly*, the Sixth Circuit concluded that the proper interpretation of *Demore v. Kim* was to "[construe] the pre-removal detention statute to include an implicit requirement that removal proceedings be concluded within a reasonable time, [thereby avoiding] the need to mandate the procedural protections that would be required to detain deportable aliens indefinitely." *Id*. Therefore, the Sixth Circuit "affirm[ed] the grant of habeas corpus and the district court's finding that the incarceration for 18 months pending removal proceedings is unreasonable, [without requiring] the United States to hold bond hearings for every criminal alien detained under § 236." *Id*. The court stressed that Ly's case was not the norm in part because his deportation to Vietnam was not foreseeable due to that country's lack of a

repatriation agreement with the United States.

In addressing the propriety of indefinite pre-removal detention of aliens, the Sixth Circuit concluded that:

> [T]he INS may detain *prima facie* removable aliens for a time reasonably required to complete removal proceedings in a timely manner. If the process takes an unreasonably long time, the detainee may seek relief in habeas proceedings.

*Ly*, 531 F.3d at 268.

In *Ly*, the Sixth Circuit rejected a bright-line approach based on the length of pre-removal detention and adopted a reasonableness approach, under which the government must demonstrate a strong justification for prolonged detention:

> Our rule requires the INS to act reasonably: when actual removal is not reasonably foreseeable, criminal aliens may not be detained beyond a reasonable period required to conclude removal proceedings without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest. *Zadvydas*, 533 U.S. at 690. Although it lacks a bright line, this rule is administrable by courts hearing habeas petitions arising from mandatory detention under § 236.

*Id*. at 273.

In this case, Petitioner has been incarcerated by the government for nearly 2 years. Although the BIA applied *Demore* in holding that Petitioner could constitutionally be detained pending removal, it did not address any factor which would justify an extensive or indefinite period of detention.

Recently, in *Parlak v. Baker*, 374 F.Supp. 2d 551 (E.D. Mich. 2005), the Court granted a habeas petition where the detained alien, who had not been convicted of a crime inside the United States, claimed that his 8 month detention violated due process. In that

case, the Court observed that the nature and pace of the removal proceedings changed when the government introduced the moniker terrorism to describe the petitioner's history in his native Turkey.

More relevant to this case was the court's observation that it "cannot be said that Petitioner's removal proceedings are progressing with undue delay." *Id*. at 560. However, the court also "observe[d] what appears to be a piling on of removability charges against Petitioner." *Id*. It was also unclear whether or not Turkey would accept Petitioner upon his removal from the United States, a fact "which raise[d] the legitimate likelihood possibility of indefinite detention." *Id*. at 561 (error in original).

In this case, the most recent pronouncement of an immigration authority as to Petitioner's case is that his removal should be withheld under the Immigration and Nationality Act. Although there is a possibility that the BIA could reverse the IJ's decision, it is more than possible, and indeed certain, that this case will proceed through the circuitry of administrative and judicial appeals for several additional months, and most likely, several years. *See Parlak*, *supra* at 561 ("Given the legal intricacies surrounding Petitioner's removal, it will very likely take years for a final determination of Petitioner's status...the Court cannot ignore the likely future course of the cased which shows a real certainty that Petitioner is facing a significant period of detention for an indeterminate period of time. This amounts to a violation of due process under the circumstances.")

In this case, the government notes that Petitioner himself has appealed several decisions and that they have diligently pursued this case despite the severe backlog of immigration cases. The government also rests on the Supreme Court's decision in *Demore* that a lengthy detention during pre-removal proceedings is not *per se* unconstitutional. However, the government has not cited a single supportable reason why releasing Petitioner

on bond would be undesirable. There is no evidence that he poses a danger to the community, and there is no evidence that he would pose a flight risk.

On the contrary, Petitioner's fiancé and daughter reside in Michigan. Petitioner has a strong employment record, and would be able to resume working if he were released on bond. All indications are that Petitioner is neither a flight risk nor a danger to the community.

## IV. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Moussa Diomande's petition for write of *habeas corpus* is GRANTED;

IT IS FURTHER ORDERED that Petitioner be RELEASED on a $10,000 unsecured bond with the following conditions: report as directed to Pretrial Services, reside at the bond address, restrict travel to the Eastern District of Michigan, maintain and/or actively seek employment, and surrender any passport to Pretrial Services and do not apply for a new passport.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 12, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager